UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-123 |
| | ) | (Phillips) |
| **OSCAR ARMANDO BUESO** | ) | |

### ORDER

On April 4, 2005, defendant was found guilty of possession of property valued in excess of $1,000, which had been stolen while moving in interstate commerce and was sentenced to forty-one (41) months imprisonment. Defendant was also ordered to pay restitution in the amount of $5,674.29 to the victim of the crime. Defendant has made one $50 payment towards the restitution. This matter is now before the court on defendant's motion to relieve him from making any restitution payments until his release from incarceration, and to exempt him from participation in the Bureau of Prisons Financial Responsibility Program.

Defendant was ordered to pay restitution in accordance with the provisions of the Mandatory Victim Restitution Act of 1996 (MVRA), 18 U.S.C. §§ 3663A-3664. The MVRA authorizes the court to adjust the payment schedule "as the interests of justice require" upon receipt of notification of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). In the instant case, defendant has provided no factual basis for any finding of the

requisite material change in his economic circumstances. Without a material change in circumstances, defendant is entitled to no change in the payment schedule set forth in the judgment. *Cani v. United States,* 331 F.3d 1210, 1216 (11th Cir. 2003); *see also United States v. Vanhorn,* 399 F.3d 884, 886 (8th Cir. 2005). Accordingly, defendant's motion to vacate the restitution payments ordered or otherwise alter his payment schedule to relieve him of responsibility of payments during his incarceration [Doc. 48] is **DENIED.**

Defendant has also asked the court to exempt him from the Bureau of Prisons Inmate Financial Responsibility Program (IFRP), 28 C.F.R. § 545.10 *et seq.* 42. U.S.C. § 1997(e)(a) states that no action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted. Defendant's motion does not allege that he has exhausted administrative relief available to him. Absent exhaustion of applicable administrative remedies, this court lacks subject matter jurisdiction over defendant's motion to exempt him from the IFRP program. Accordingly, defendant's motion to exempt him from participation in the IFRP program [Doc. 48] is **DENIED.**

**IT IS SO ORDERED.**

**ENTER:**

　　　　s/ Thomas W. Phillips　　　
United States District Judge